UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATHEW ROWAN DAVIES,<br><br>Defendant. | No. 2:12-cr-00255-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Mathew Rowan Davies's ("Defendant") Motion for Early Termination of Supervised Release. (ECF No. 175.) The Government filed an opposition. (EFC No. 181.) Defendant filed a reply. (ECF No. 182.) After carefully considering the parties' briefing and for the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///

1

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On May 31, 2013, Defendant pleaded guilty to 10 counts of a 10-count Second Superseding Information.  (ECF No. 65.)  Count One charged conspiracy to manufacture, distribute, and possess with the intent to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1).  (ECF No. 62.)  Counts Two and Three charged manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1).  (*Id.*)  Counts Four through Ten charged distribution of marijuana in violation of 21 U.S.C. § 841(a)(1).  (*Id.*)  On December 13, 2013, the Court sentenced Defendant to a 60-month term of imprisonment to be followed by 60 months of supervised release.  (ECF No. 91.)

On October 31, 2018, near the beginning of his 60-month term supervised release, Defendant assaulted a person with a deadly weapon.  (ECF No. 170.)  On October 9, 2019, the Defendant was convicted in San Joaquin County Superior Court of: (1) assault with a deadly weapon with force in violation of California Penal Code § 245(a)(4), a felony; and (2) battery in violation of California Penal Code § 242, a misdemeanor.  (*Id*. at 2.)  These two convictions violated Defendant's federal supervised release conditions, and Defendant subsequently admitted to related charges brought in a violation petition: new law violations and unauthorized/excessive use of alcohol.  (ECF No. 171.)  At a dispositional hearing on July 30, 2020, the Court revoked Defendant's term of supervised release, sentenced him to time served, and imposed a 24-month term of supervised release.  (ECF No. 172.)

On September 30, 2021, Defendant filed the instant motion for early termination of supervised release.  (ECF No. 175.)  Defendant has served approximately 15 months of his 24-month term of supervised release.

**II.     STANDARD OF LAW**

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)."  *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).  "The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'"  *Id.* (quoting 18

1 U.S.C. § 3583(e)(1)).  Defendant has the burden to demonstrate that early termination of

2 supervised release is justified.  *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

### III. ANALYSIS

In his motion, Defendant argues he has been successful on supervised release.  (ECF No. 175 at 7–10.)  For example, Defendant emphasizes that since his release from prison, he has fully reintegrated into society and is a valued worker and family member.  (*Id.*)  He argues he has gone above and beyond his community service requirements and intends to continue volunteering with New Directions of San Joaquin County to assist them with grant funding for the program.  (*Id*. at 8.)  Defendant also submits a character reference letter from the Executive Director of New Directions at San Joaquin County.  (ECF No. 175-1.)  Based on the foregoing, Defendant argues the statutory factors in 18 U.S.C. § 3583(e) support early termination of supervised release.  (ECF 175 at 12.).

The Court commends Defendant on the positive steps he has taken since his release.  However, in light of the referenced subset of § 3553(a) factors (specifically the nature and circumstances of the offense, history and characteristics of Defendant, need for adequate deterrence, and need to protect the public), Defendant has not shown that early termination of supervised release is justified.  Defendant's term and conditions of supervised release are well-supported.  Although Defendant seems to argue his good behavior warrants early termination of supervised release, "compliance with release conditions, resumption of employment and engagement of family life are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate."  *United States v. Bauer*, No. 5:09-cr-00980 EJD, 2012 WL 1259251, at *2 (N.D .Cal. Apr. 13, 2012); *accord United States v. Sine*, No. CR-S-02-079 KJM, 2012 WL 1901298, at *2 (E.D. Cal. May 24, 2012) ("[M]odel prison conduct and full compliance with the terms of supervised release is what is expected of . . . [those] serving terms of supervised release and does not warrant early termination.") (internal quotation marks and citation omitted).

///

///

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's Motion for Early Termination of Supervised Release is hereby DENIED. (ECF No. 175.)

IT IS SO ORDERED.

Date:  October 28, 2021

Troy L. Nunley
United States District Judge